# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SCOTTY LEACH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:18-cv-01072 ) |
| CORE CIVIC, | ) JUDGE CAMPBELL ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Scotty Leach, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed *in forma pauperis* (IFP). (Doc. No. 4.) The case is before the Court for ruling on the IFP application and for initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 4) is **GRANTED**.

**II.  Initial Review of the Complaint**

    **A.  PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A

provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

B.     **Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color

of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

Plaintiff alleges that on May 9, 2018, when he was housed in a segregated unit and was in protective custody, he was handcuffed behind his back and escorted from his cell to the shower by an unnamed prison guard. (Doc. No. 1 at 4.) The guard reapplied the handcuffs when Plaintiff was done showering and began to escort Plaintiff back to his cell. (*Id.*) Before they reached Plaintiff's cell, they passed by another cell where "somehow the[ir] door swung open [and] two inmates ran out . . . unrestrained" and assaulted Plaintiff while his hands were cuffed behind his back. (*Id.* at 5.) Plaintiff was struck on the left side of his face and knocked unconscious. (*Id.*) When he regained consciousness, he was lying on the floor, bleeding everywhere, and was taken on a stretcher to the medical unit. (*Id.*) From there, Plaintiff was sent to Tennova Health Care Center in Lebanon, Tennessee, where he received stitches over his eye and in his mouth. (*Id.*)

Plaintiff alleges that the guard who was escorting him just stood and watched as he was being assaulted, and only told his assailants to get back after allowing them to stand over him and spit on him. (*Id.* at 5–6.) Particularly as he was in protective custody, Plaintiff claims that the assault "should [have] never happened if the security was like it [is] suppose[d] to be and the staff [was] trained proper[ly]." (*Id.* at 6.) He has sued Core Civic for damages in the amount of $1,500,000.00 plus legal fees. (*Id.* at 7.)

3

**D. Analysis**

Plaintiff's claim arises under the Eighth Amendment, which requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Whether Plaintiff's claim to damages relies on a theory of deliberate indifference to his safety or a gross negligence theory, his complaint is not sustainable against the only Defendant named therein, Core Civic.

Core Civic is the private corrections management firm that operates Trousdale Turner Correctional Center. Because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Core Civic may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

While Plaintiff alleges that he would not have been injured if "security was like it [is] suppose[d] to be and the staff [was] trained proper[ly]" (Doc. No. 1 at 6), this allegation "is insufficient to identify a Core Civic policy and tie that policy to the plaintiff's injury." *Newell v.*

*CoreCivic, Inc.*, No. 3:17-cv-01387, 2018 WL 3740759, at *5 (M.D. Tenn. Aug. 7, 2018) (citing *Baxter v. Corizon Health, Inc.*, No. 1:14–cv–1347–JDT–egb, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2016)). The complaint does not suggest that Plaintiff's assailants were allowed to exit their cell unrestrained pursuant to any corporate policy of failing to secure inmates in segregation. To the contrary, Plaintiff alleges that the segregation unit is locked down 23 hours a day and "at all times everywhere you go you have [to] be escorted by a[n] officer with your hands cuffed behind your back." (Doc. No. 1 at 4.) Furthermore, "[m]erely positing a [failure-to-train] theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief" against Core Civic. *Newell*, 2018 WL 3740759, at *5. In the absence of any allegation that Plaintiff's harm was caused by the execution of a Core Civic policy, no liability can attach under Section 1983.

### III. Conclusion

For the reasons given above, this action is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE